UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L'ASSOCIATION DES AMÉRICAINS ACCIDENTELS, ET AL.<br><br>*Plaintiffs*<br><br>v.<br><br>U.S. DEPARTMENT OF STATE, ET AL.<br><br>*Defendants.* | Civil Action No. 20-cv-3573-TSC |

## PLAINTIFFS' MOTION TO EXPEDITE

Plaintiffs, L'Association des Américains Accidentels et al., by their undersigned counsel, respectfully ask the Court to expedite a decision on the pending dispositive motions, namely Defendants' Motion to Dismiss and Motion for Summary Judgment [ECF 11] and Plaintiffs' Cross Motion for Summary Judgment in this case [ECF 13].

Pursuant to Local Rule 7(m), the parties' counsel have conferred concerning the present Motion. Defendants do not take a position on the relief sought.

### INTRODUCTION

On December 8, 2020, Plaintiffs, all United States citizens, commenced this action challenging the constitutionality and legality of the $2,350 fee assessed by Defendants to exercise their fundamental right to voluntarily renounce their American citizenship. [ECF 1]. Defendants were duly served on

December 11, 2020. [ECF 6]. On April 23, 2021, Defendants filed a Partial Motion to Dismiss Plaintiffs Third and Fifth Claims and a Motion for Summary Judgment on Plaintiffs' First, Second and Fourth Claims or, in the alternative, as to the entire Complaint. [ECF 11]. On June 17, 2021, Plaintiffs filed their Memorandum in Opposition to Defendants' Motion to Dismiss and Motion for Summary Judgment, together with a Cross-Motion for Partial Summary Judgment. [ECF 13-14]. Defendants filed their opposition to the Cross-Motion for Summary Judgment and their reply to Plaintiffs' opposition on July 16, 2021. [ECF 17]. Plaintiffs submitted their reply to Defendants' opposition to the Cross-Motion for Partial Summary Judgment on August 19, 2021. [ECF 20]. The Administrative Record was submitted on September 1, 2021. [ECF 21].

Thus, this case has been ripe for decision on the dispositive motions from the latter date. As of today, these motions have been pending for exactly one year. In the meantime, the individual Plaintiffs and the members of the organizational Plaintiff, all "accidental Americans," have been prevented from renouncing their U.S. citizenship due to the exorbitant renunciation fee. Practically speaking, for most of the Plaintiffs, the delay in resolving the dispositive motions means that they are being prevented from carrying out their financial affairs and daily lives in their home countries because of the restrictions and disabilities imposed upon them by reason of their American citizenship. These exigencies have left Plaintiffs no choice but to file the present motion in the hopes of expediting a final decision on the pending dispositive motions.

## DISCUSSION

Federal courts have the inherent power that is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016); *see Jangoo v. Sieg,* 2018 WL 11255535, *2 (D.D.C., Apr. 13, 2018). While the core issues posed by the present litigation are ones of first impression, [*but see Farell v. Blinken,* 4 F.4th 124 (D.C. Cir. 2021], twelve months is certainly sufficient time to finally resolve the parties' dispositive motions at this preliminary stage of the proceedings. *See* Civil Justice Reform Act (CJRA), Pub. L. 101-650, 104 Stat. 5091 (Dec. 1, 1990), 28 U.S.C. §473, March 31, 2022 Report, for Case No. 20-cv-03573, p. 32. Available at https://www.uscourts.gov/statistics-reports/march-2022-civil-justice-reform-act. The CJRA includes various principles and guidelines of litigation management and cost and delay reduction, including: "setting, at the earliest practicable time, deadlines for filing motions and a time framework for their disposition." 28 U.S.C. §473(a)(2)(D).

Every day the dispositive motions in this case remain undecided causes Plaintiffs to suffer significantly from the disruptions and disabilities caused by being unable to afford to renounce their U.S. citizenship, a fundamental right guaranteed by the Due Process Clause of the Fifth Amendment to the Constitution of the United States. Indeed, the threat of losing access to essential financial services overseas for U.S. citizens is real and imminent. *See* Declarations of Plaintiff Miriam Kupper and Plaintiff Ronald Walther, attached hereto as Exhibits "A" and "B". *See also*, for example, Exhibit "C,"

3

Statement of the Dutch Minister of Finance, Marnix van Rij, to Chairman of the Dutch House of Representatives, (June 13, 2022), explaining that Dutch banks have promised not to close accounts of U.S. citizens only until September 1, 2022.[1]

*See also:*

creativeplanning.com/international/?utm_source=pardot&utm_medium=email&utm_campaign=cpiweb0706 ("U.S. Expat Account Closure Crisis"), attached here as Exhibit "D."

Moreover, while these motions are pending the government continues to charge and collect $2,350 per renunciation, infringing upon the natural and constitutional rights of those renunciants who have elected to renounce despite the astronomical fee.

Expediting the decision of the pending dispositive motions will not prejudice the government in any way. To the contrary, the expeditious resolution of pending motions in civil cases, particularly dispositive motions, is the express policy of the United States government as evidenced, *inter alia,* by the CJRA. Justice delayed is justice denied. *Ungar v. Smith*, 667 F.2d 188,

---

[1] *See also* https://www.nvb.nl/nieuws/fatca-us-tin-niet-verplicht-bij-saldo-onder-de-50000-dollar/: (informal translation from the Danish)

> Banks will also not close accounts of so-called Accidental Americans after September 1, if the balances in the checking or savings account do not exceed $ 50,000. For the group with a balance above 50,000 dollars, the account will not be closed if they are demonstrably in the process of applying for a American BSN number (US TIN/SSN) or have started the procedure to relinquish their American nationality.

4

195 (D.C. Cir. 1981) ("[I]t is an old principle that justice delayed is justice denied, and it has been denied a long time.").

Considering these circumstances, Plaintiffs therefore respectfully request that this Court expedite consideration of the parties' motions for summary judgment. *See Giffords v. Fed. Election Com'n,* No. CV 19-1192 (EGS), (D.D.C. 2021), ECF 69 (motion to expedite) and minute order dated June 1, 2021 (granting motion to expedite ruling on pending motions for summary judgment).

## CONCLUSION

For the foregoing reasons, the Court is respectfully requested to issue its decision on all the pending dispositive motions at the earliest opportunity.

Dated: September 6, 2022.

Respectfully submitted,

| */s/ L. Marc Zell* | */s/ Noam Schreiber* |
|---|---|
| L. Marc Zell | Noam Schreiber, *pro hac vice* |
| ZELL & ASSOCIATES INTERNATIONAL ADVOCATES, LLC | 34 Ben Yehuda St. |
| 1345 Ave. of the Americas | 15th floor |
| 2nd floor | Jerusalem, Israel 9423001 |
| New York, NY 10105 | |

*Counsel for Plaintiffs*